UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-61911-CIV-UNGARO/O'SULLIVAN

U.S. BANK NATIONAL ASSOCIATION, et al.,
     Plaintiff,

v.

HANS HENNING LARSEN, et al,
     Defendants.
_____/

## <u>ORDER</u>

THIS MATTER is before the Court following an informal discovery conference held before the undersigned on November 14, 2017, regarding the plaintiff's request to preclude defendants Max and Smadar Hefter from using at trial invoices for alleged improvements to the subject property not disclosed in the defendants' Rule 26 Disclosures or produced in response to the plaintiff's request for production and only identified as trial exhibits and produced after the close of discovery. Having held a hearing in this matter, for the reasons stated on the record, and in accordance with the rulings from the bench, it is

ORDERED AND ADJUDGED that defendants are precluded from using the invoices for alleged improvements to the subject property at trial. Rule 37(c)(1) of the Federal Rules of Civil Procedure states that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37 (c)(1). "'[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified

or harmless.'" Dyett v. North Broward Hosp. Dist., 2004 WL 5320630, *1 (S.D. Fla. Jan. 21, 2004) (citation omitted). Courts consider the following factors in assessing substantial justification or harmlessness:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. 2012), aff'd in part, 505 F. App'x 928 (11th Cir. 2013) (citation omitted). The defendant has failed to show substantial justification for the failure to provide the invoices timely, and those invoices may not be used at trial. It is further

ORDERED AND ADJUDGED that the request to prohibit the subject testimony at trial is denied. The undersigned finds that the violations of Rule 26 were corrected at deposition, and there is no violation that warrants the striking of testimony.

DONE AND ORDERED in Chambers at Miami, Florida this 14th day of November, 2017.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Court Judge Ungaro
All counsel of record

2